## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

**NOT FOR PUBLICATION**

|  |  |
|---|---|
| INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL 711 HEALTH & WELFARE, VACATION AND FINISHING TRADES INSTITUTE FUNDS, ET AL. | Civil Action No. 11-1023 (ES) (CLW) |
| Plaintiff, | **OPINION & ORDER** |
| v. |  |
| VILLAGE GLASS, INC. |  |
| Defendant. |  |

**SALAS, DISTRICT JUDGE**

Pending before the Court is a motion for default judgment under Rule 55 of the Federal Rules of Civil Procedure submitted by Trustee and Fiduciary, Harry J. Harchetts, on behalf of International Union of Painters and Allied Trades District Council 711 Health and Welfare, Vacation and Finishing Trades Institute Funds ("Plaintiffs"). (Docket Entry No., "D.E." 9). Because Plaintiffs moved for default judgment and requested an entry of default simultaneously, Plaintiffs' motion is DENIED without prejudice with leave to re-file.

An application for entry of default judgment must contain evidence, by affidavits and documents, of: "(1) the entry of default pursuant to Rule 55(a); (2) the absence of any appearance by any party to be defaulted; (3) that the defendant is neither an infant nor an incompetent; (4) that the defendant has been validly served with all pleadings; (5) the amount of judgment and how it was calculated; (6) and an affidavit of non-military service in compliance

with the Soldiers' and Sailors' Civil Relief Act." *Ciasulli v. Hartmann*, No. 08-5544, 2009 WL 150668, at *1 (D.N.J. Jan. 21, 2009) (quoting *GE Healthcare Fin. Servs. v. New Brunswick X-Ray Grp., PA*, No. 05-833, 2007 WL 38851, at *3 (D.N.J. Jan. 4, 2007)).

Here, Plaintiffs' motion fails on prong (1), because, at the time they filed their motion for default judgment, an entry of default had not yet been issued under Rule 55(a). On February 23, 2011, Plaintiffs filed a complaint against Defendant alleging claims under §§ 502 and 515 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1145, as well as § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185. (D.E. 1). The Defendant was served, but has failed to plead or defend against the allegations. On November 14, 2011, Plaintiffs filed a motion for default judgment. (D.E. 9). However, Plaintiffs failed to request an entry for default with the Clerk, and receive that entry of default prior to filing the motion for default judgment. Rather, Plaintiffs included the request for entry of default as an attachment to the motion for default judgment. (D.E. 9).

Rule 55 sets forth the default procedure. *See* Fed. R. Civ. P. 55. First, a party requests an entry of default, and the Clerk makes a judgment, but the clerk's entry of default alone does not entitle the party to relief. Second, following the Clerk's entry of default, the party must submit a motion for default judgment to the Court. Fed. R. Civ. P. 55(b)(2). Where plaintiffs have failed to follow this procedure, courts have denied their motions for default judgment because an entry of default by the Clerk under Rule 55(a) constitutes a general prerequisite for a subsequent default judgment under Rule 55(b). *See*, *e.g.*, *Husain v. Casino Control Comm'n*, 265 F. App'x 130, 133 (3d Cir. 2008) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)."); *Limehouse v. Delaware*, 144 Fed. Appx. 921 (3d Cir. 2005) (denying plaintiff's motion for default where

plaintiff failed to request an entry of default prior to filing for default judgment); *United States SBA v. Beals*, No. 08-1954, 2008 U.S. Dist. LEXIS 102141, at  *11-12 (D.N.J. Dec. 16, 2008) (denying plaintiff's motion for default where plaintiff failed to request an entry of default); *United States SBA v. Hamaayan Fountain of Jewish Culture Inst., Inc.*, No. 08-1957, 2008 U.S. Dist. LEXIS 102095 (D.N.J. Dec. 16, 2008) (denying plaintiff's motion for default judgment because plaintiff requested an entry of default the day after filing a motion to dismiss).  Here, as in *Husain*, *Limehouse, Beals,* and *Hamaayan Fountain of Jewish Culture Inst. Inc.*, the Clerk had not entered default before Plaintiffs filed their motion for default judgment; therefore Plaintiff's motion is **DENIED**.

**IT IS THEREFORE** on this 24th day of January 2012,

**ORDERED** that Plaintiff's motion for default judgment (D.E. 9) is **DENIED** without prejudice to be re-filed following the Clerk's entry of default.

**SO ORDERED.**

s/Esther Salas  
**Esther Salas, U.S.D.J.**