UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

**NOT FOR PUBLICATION**

|  |  |  |
|---|---|---|
| INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL 711 HEALTH & WELFARE, VACATION AND FINISHING TRADES INSTITUTE FUNDS, ET AL. | : : : : : : : | Civil Action No. 11-1023 (ES) |
| Plaintiffs, | : : | **ORDER** |
| v. | : : |  |
| VILLAGE GLASS, INC. | : : |  |
| Defendant. | : : |  |

**SALAS, DISTRICT JUDGE**

This matter having come before the Court on Plaintiffs' motion for default judgment (Docket Entry No. 13) pursuant to Federal Rule of Civil Procedure 55(b)(2), and the Court having considered Plaintiffs' submissions, and it appearing that:

1. Plaintiffs commenced this cause of action on February 23, 2011. (*See* Docket Entry No. 1).

2. Service of a copy of the Summons and Complaint was effectuated upon Defendant Village Glass, Inc. on July 12, 2011. (*See* Docket Entry No. 8).

3. The time for answering the Complaint has expired and Defendant has not been granted an extension of time within which to answer and has failed to interpose an answer or otherwise respond to the Complaint.

4. Plaintiffs requested the Clerk enter default on January 24, 2012. (*See* Docket Entry No. 11).

5. The Clerk entered Default on January 26, 2012 against Defendant for having failed to plead or otherwise defend this action. (*See* Docket Entry No. 12).

6. Plaintiffs have provided Defendant with notice of the motion for default judgment and related documentation. (*See* Docket Entry No. 13).

7. To date, Defendant has not opposed Plaintiffs' motion for default judgment.

Accordingly, **IT IS** on this 17th day of April, 2012,

**ORDERED** that judgment is hereby entered against Village Glass, Inc. in favor of the Plaintiffs in the total amount of $10,494.60 comprised of the following amounts:

(a) $5,895.65 in contributions, (Docket Entry 13-1, Affidavit in Support of Notice of Motion for Default Judgment, "Vitale Aff.," ¶ 7, Ex. E);

(b) $1,616.00 in liquidated damages, (Docket Entry 15, Certification of Lark N. Bedrick, Esquire, "Bedrick Cert.," ¶ 3, Vitale Aff., Ex B, Provision(A)(5), (B)(3) and (E)(2));

(c) $1,616.00 in penalties plus interest, (Vitale Aff. ¶ 8, Ex. F);

(d) $1,366.95 in attorney's fees (Vitale Aff. ¶¶ 13 - 15, Ex. G, Bedrick Cert. ¶ 2); and it is further

**ORDERED** that the Clerk shall mark this matter closed.

s/*Esther Salas*
**Esther Salas, U.S.D.J.**